UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

MELISSA TROYER

       Plaintiff,                         Case No.  1:14-CV-0758

v.                                             HON. PAUL L. MALONEY

COMMISSIONER OF SOCIAL
SECURITY

       Defendant,
_____/

## **OPINION**

This is a social security action brought under 42 U.S.C. §§ 405(g) seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner).  Plaintiff Melissa Troyer seeks review of the Commissioner's decision denying her claim for disability benefits (DIB) under Title II of the Social Security Act.

### **STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1998).  The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision.  *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a *de novo* review of the case, resolve evidentiary conflicts, or decide questions of credibility.  *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).  It is the

Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

**PROCEDURAL POSTURE**

Plaintiff was born on October 13, 1966. (A.R. 40). She was 46 years old on the date of the Administrative Law Judge's (ALJ) decision. (A.R. 8). She graduated high school and previously worked as an inspector, solderer, stockroom worker, and a lead worker. (A.R. 64–65). Plaintiff applied for DIB on May 3, 2011, complaining of carotid artery dissection and acute ischemic strokes, weakness on the left side of her body, sketchy memory, slow left hand writing, and

left leg and foot awkward. (A.R. 69). Plaintiff's DIB application was denied by the Commissioner on September 22, 2011. (A.R. 82). She thereafter requested a hearing before an ALJ and on March 13, 2013, plaintiff appeared with her counsel before ALJ Janet Alaga-Gadigan for an administrative hearing. (A.R. 36–68). On April 15, 2013, ALJ Alaga-Gadigan rendered her written decision in which she determined plaintiff's date last insured was December 31, 2011 (A.R. 11) and that by that date, plaintiff was not disabled. (A.R. 8–28). The Appeals Council declined to review the ALJ's decision on June 19, 2014, making it the Commissioner's final decision. (A.R. 1-6). Plaintiff thereafter initiated this action.

## ALJ'S DECISION

A claimant must prove that she suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). To aid ALJs in applying the above standard, the Commissioner of Social Security has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five step sequential process" for claims of disability. First [a] plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, [a] plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if [a] plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, [a] plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, [a] plaintiff is not disabled. For the fifth and final step,

3

> even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that [the] plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted); *see also* 20 C.F.R. §§ 404.1520(a-f).

The plaintiff has the burden of proving the existence and severity of limitations caused by her impairments and that she is precluded from performing past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, it is the Commissioner's burden "to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.*

The ALJ determined plaintiff's claim failed at the fifth step of the evaluation. The ALJ initially found that plaintiff had not engaged in substantial gainful activity since June 10, 2010, the plaintiff's alleged onset date. (A.R. 13). Second, the ALJ determined that plaintiff had the severe impairments of: history of transient ischemic attack with carotid artery dissection/occlusion; blurred vision in right eye; mild obesity; obstructive sleep apnea; an adjustment disorder with anxiety and depressed mood; chronic cognitive disorder (NOS); seizure disorder; and a general anxiety disorder. (A.R. 13). Next, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (A.R. 14-16).

With respect to plaintiff's residual functional capacity (RFC), the ALJ determined that plaintiff was able to perform:

> sedentary work as defined in 20 CFR 404.1567(a), except no more than

>frequent lifting, carrying, pushing, or pulling; no foot control operations; no climbing ladders, ropes, or scaffolds; no more than occasional climbing of ramps or stairs; no more than occasional balancing, stooping, crouching, kneeling, or crawling; no more than frequent reaching, including overhead reaching; no more than frequent fine or gross manipulation with the left upper extremity; no more than frequent feeling with the left upper extremity; avoid all exposure to hazardous machinery and unprotected heights; and no driving on the job. Furthermore, the work should be limited to unskilled jobs as defined in the Dictionary of Occupational Titles with SVP levels of one or two, with simple routine tasks; no production-rate work; only occasional interaction with the general public, co-workers, and supervisors; and no tandem tasks.

(A.R. 16).

Continuing with step four, the ALJ determined that plaintiff was unable to perform any past relevant work. (A.R. 20).

At the fifth step, the ALJ questioned a vocational expert (VE) to determine whether a significant number of jobs exist in the economy which plaintiff could perform given her limitations. *See Richardson*, 735 F.2d at 964. The VE testified that there existed approximately 6,500 regional jobs[1] which a person with plaintiff's RFC could perform, such limitations notwithstanding (A.R. 66). The VE testified that this work included jobs in bench assembly. (A.R. 66). This represents a significant number of jobs. *See Hall v.* Bowen, 837 F.2d 272, 274 (6th Cir. 1988); *McCormick v. Sec'y of Health & Human Servs.*, 861 F.2d 998, 1000 (6th Cir. 1988).

Thus, following the five steps, the ALJ determined plaintiff was not disabled within the meaning of the Act.

## ANALYSIS

A.  **Plaintiff's Issues for Appeal.**

---

[1] At the administrative hearing, the VE stated that regional jobs were jobs that were located within the State of Michigan. (A.R. 63).

Plaintiff's statement of errors presents the following two claims:

1. The ALJ committed reversible error by failing to evaluate Ms. Troyer's impairments under medical listing 11.04, as alleged.

2. The ALJ committed reversible error by failing to properly assess and incorporate the medical opinions of Ms. Troyer's treating physician.

(Dkt. #11, PageID 1226). The Court will address each issue in turn.

### B. Discussion

#### 1. *The ALJ Erred in Failing to Evaluate Listing 11.04.*

Plaintiff contends that the ALJ erred by failing to provide an adequate analysis explaining why plaintiff did not meet or medically equal Listing 11.04 which addresses central nervous system vascular accidents. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 11.04. Before the administrative hearing, plaintiff submitted a brief arguing that plaintiff met the requirements of Listing 11.04 (A.R. 262–63) and at the hearing, plaintiff testified she experienced difficulties in her left upper and lower extremities and had difficulty speaking. (A.R. 49–50).

A claimant bears the burden of demonstrating that he meets or equals a listed impairment at the third step of the sequential evaluations. *Evans v. Secretary of Health & Human Services*, 820 F.2d 161, 164 (6th Cir. 1987). In order to be considered disabled under the Listing of Impairments, "a claimant must establish that his condition either is permanent, is expected to result in death, or is expected to last at least 12 months, as well as show that his condition meets or equals one of the listed impairments." *Id.* An impairment satisfies the listing only when it manifests the specific findings described in the medical criteria for that particular impairment. 20 C.F.R. § 404.1525(d). A claimant does not satisfy a particular listing unless all of the requirements of the listing are present. *See Hale v. Secretary of Health & Human Services*, 816 F.2d 1078, 1083 (6th Cir.

1987); *see, e.g.*, *Thacker v. Social Security Administration*, 93 Fed.Appx. 725, 728 (6th Cir. 2004) ("[w]hen a claimant alleges that he meets or equals a listed impairment, he must present specific medical findings that satisfy the various tests listed in the description of the applicable impairment or present medical evidence which describes how the impairment has such equivalency.").

If a claimant successfully carries this burden, the Commissioner will find the claimant disabled without considering the claimant's age, education and work experience. 20 C.F.R. § 404.1520(d). Here, the ALJ found that plaintiff did not meet the requirements of any listed impairment. (A.R. 14-16). While the ALJ addressed the requirements of plaintiff's alleged mental impairments under Listing 12.02, 12.04 and 12.06, she did not address the requirements of the alleged physical impairments under Listing 11.04. (A.R. 14–16). Indeed, the ALJ incorrectly stated that "[c]laimant did not allege at [the] hearing or otherwise that any particular impairment or combination of impairments met or medically equaled any of the listings." (A.R. 14).

Plaintiff relies on the decision in *Reynolds v. Commissioner of Social Security*, 424 Fed.Appx. 411 (6th Cir. 2011) to support her claim. (Dkt. #11, PageID 1237). In *Reynolds*, the Sixth Circuit held that an ALJ committed reversible error by failing to analyze the claimants's physical condition in relation to the Listing of Impairments. *Reynolds*, 424 Fed.Appx. at 415–16. As in *Reynolds*, the ALJ in the present case addressed plaintiff's mental impairments under Section 12.00, but did not address whether plaintiff met or equaled the various listings of physical impairments. In *Reynolds*, the court summarized the manner in which an ALJ should analyze a physical condition under the listed impairments (in that case a musculoskeletal disorder under Section 1.00):

> In short, the ALJ needed to actually evaluate the evidence, compare it to
> Section 1.00 of the Listing, and give an explained conclusion, in order to

>facilitate meaningful judicial review.  Without it, it is impossible to say that the ALJ's decision at Step Three was supported by substantial evidence.  *See Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996); *Senne v. Apfel*, 198 F.3d 1065, 1067 (8th Cir. 1999); *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 120 (3d Cir. 2000).  As the Third Circuit explained, "[b]ecause we have no way to review the ALJ's hopelessly inadequate step three ruling, we will vacate and remand the case for a discussion of the evidence and an explanation of reasoning" supporting the determination that [the claimant's] severe impairments do not meet or medically equal a listed impairment.  *Burnett*, 200 F.3d at 120.

*Reynolds*, 424 Fed.Appx. at 416. Because the ALJ in this case did not provide any explanation as to why plaintiff did not meet Listing 11.04, her decision is not able to be reviewed as well.

The Commissioner must provide a statement of evidence and reasons on which the decision is based. *See* 42 U.S.C. § 405(b)(1).  While it is unnecessary for the ALJ to address every piece of medical evidence, *see Heston*, 245 F.3d at 534-35, an ALJ "must articulate, at some minimum level, his analysis of the evidence to allow the appellate court to trace the path of his reasoning." *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). "It is more than merely 'helpful' for the ALJ to articulate reasons . . . for crediting or rejecting particular sources of evidence.  It is absolutely essential for meaningful appellate review." *Hurst v. Secretary of Health and Human Services*, 753 F.2d 517, 519 (6th Cir. 1985).  Since the ALJ has failed to articulate an analysis of Listing 11.04 sufficient to allow a meaningful review, this matter will be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g).  On remand, the Commissioner should examine whether plaintiff meets the requirements of Listing 11.04.

>2. *The ALJ Did not Err In Assigning Dr. Robert Gleffe's March 7, 2013 Less than Controlling Weight.*

On March 11, 2013, Dr. Robert Gleffe gave a statement regarding plaintiff's physical limitations. (A.R. 1172–76).  Dr. Gleffe stated that plaintiff was diagnosed with a stroke and seizure

8

disorder. (A.R. 1172). He stated she had significant problems with the coordination on the left side of her body and with fine motor coordination in her hand and leg. She also experienced difficulties in her speech, though it had improved. (A.R. 1173). Dr. Gleffe further opined that plaintiff could lift a maximum of ten pounds, and that she tires pretty easily. Regarding plaintiff's seizure-like activity, the doctor stated "[t]here's no question she would probably miss time" at work. (A.R. 1175). Finally, in response to whether plaintiff could work a regular job, the doctor stated that "I don't think that is possible at all" because of her difficulty going up and down stairs, difficulty in balancing and reading and writing, and impaired fine motor coordination. (A.R. 1173–74).

The ALJ "decline[d] to afford this opinion much weight." (A.R. 19). Some of the doctor's recommendations, the ALJ stated, were already accounted for in the RFC. To the extent the opinion imposed limitations that were more restrictive than the RFC, the ALJ found Dr. Gleffe's opinion to be inconsistent with the record that showed "marked improvement" in plaintiff's condition. (A.R. 19). Plaintiff argues that she is entitled to relief on the ground that the ALJ failed to give appropriate weight to the opinion in question.

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and her maladies generally possess significant insight into her medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375-76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527).

Such deference is appropriate, however, only where the particular opinion "is based

9

upon sufficient medical data." *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)). The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (*citing Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)); *Cutlip v. Sec'y of Health and Human Services*, 25 F.3d 284, 286-87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Gayheart*, 710 F.3d at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Id.* (quoting *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004)). Simply stating that the physician's opinions "are not well-supported by any objective findings and are inconsistent with other credible evidence" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment. *Gayheart*, 710 F.3d at 376-77.

The Court concludes the ALJ did not err in her analysis. The medical evidence demonstrates that following plaintiff's therapy sessions, she had improved to a greater extent than that stated by Dr. Gleffe. Treatment and progress notes demonstrate almost a complete recovery after her stroke in June 2010. (A.R. 419, 437, 439). A discharge note from her therapy on July 22, 2010

noted that while her index and thumb fingers were stiff in the mornings, she was able to tie shoes, braid her daughter's hair, shave her legs with her left hand, and shampoo normally (though her strength wasn't full yet). Her writing, while slower, was very legible. (A.R. 439). Following plaintiff's reported seizures, medication helped such that a May 3, 2012 treatment note noted her acute ischemic stroke had resolved on January 4, 2012 and her recurrent TIAs resolved on September 19, 2011. (A.R. 944). A December 4, 2012 treatment note by Dr. Gleffe noted stated that plaintiff was exercising more and that her seizure symptoms were listed for background purposes only, since her medication had helped. (A.R. 1154).

Moreover, the ALJ was correct that much of Dr. Gleffe's opinion is consistent with the limitations accounted for in the RFC. Dr. Gleffe's listing restriction of ten pounds, for example, is consistent with the definition of sedentary work.[2] The RFC also built in limitations regarding using stairs, ramps, and using plaintiff's left upper extremity. Accordingly, substantial evidence supports the ALJ's decision.

## CONCLUSION

For the reasons set forth herein, the Commissioner's decision will be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner is directed to evaluate whether plaintiff meets the requirements of Listing 11.04. A judgment consistent with this opinion will be issued forthwith.

Dated: October 28, 2015 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge

---

[2] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. § 404.1567